IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) ) | |
| LLOYD VERNON VILES ) | CASE # 08-41203 |
| TAMMY CHARMAINE VILES, ) | CHAPTER 7 |
| Debtors. ) ) | |
| _____ ) | |
| LLOYD VERNON VILES and ) | |
| TAMMY CHARMAINE VILES, ) | |
| Plaintiffs, ) | |
| vs. ) | ADV. NO. 08-7082 |
| ) | |
| PATRICIA E. HAMILTON, ) | |
| Chapter 7 Trustee, ) | |
| Defendant. ) | |
| _____ ) | |
| PATRICIA E. HAMILTON, ) | |
| Chapter 7 Trustee, ) | |
| Third Party Plaintiff, ) | |
| vs. ) | |
| TLC Couriers, Inc., ) | |
| Third Party Defendant. ) | |
| _____ ) | |

## TRUSTEE'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF, COUNTERCLAIM AND THIRD PARTY COMPLAINT FOR TURNOVER AND ACCOUNTING

## ANSWER

COMES NOW the Defendant/Cross Claim Plaintiff, Patricia E Hamilton, Chapter 7 Trustee (the "Trustee") and for her Answer to the Complaint for Declaratory Relief, states:

1. To the extent no specifically admitted, the Trustee denies the allegations contained in the Complaint.

2. The Trustee admits the allegations of Paragraph 1 of the Complaint.

3. The Trustee is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 2 of the Complaint and so specifically denies the allegation. The Trustee admits that the Debtors' Schedules and Statement of Financial Affairs state that as of the filing date of their voluntary Chapter 7 Bankruptcy petition that Lloyd Viles owned a 20% interest in TLC Couriers, Inc. and that Tammy Viles owned a 20% interest in TLC Couriers, Inc.

4. The Trustee admits that portion of Paragraph 3 which alleges that the Vileses provided the Trustee with a balance sheet for TLC Couriers, Inc. The Trustee denies the remainder of the allegations in Paragraph 3 and specifically disputes that TLC Couriers, Inc. had a negative net worth on the date the Vileses filed their voluntary bankruptcy petition (the "Filing Date").

5. The Trustee admits that portion of Paragraph 4 which states that the Vileses have continued to receive distributions from TLC Couriers, Inc. since the Filing Date. The Trustee denies that Tammy Viles has earned wages from TLC Couriers, Inc. since the Filing Date, and the Trustee is without sufficient knowledge and information to admit that portion of Paragraph 4 which alleges that Lloyd Viles has earned wages from TLC Couriers, Inc. since the Filing Date and, therefore, denies that portion of Paragraph 4. The Trustee is without sufficient knowledge or information regarding that portion of Paragraph 4 which alleges the Vileses have received money from TLC Couriers, Inc. for rent and, therefore, denies the same.

6. The Trustee admits that portion of Paragraph 5 of the Complaint which states that the Trustee has made demand on the Vileses for turnover of all distributions which they have received from TLC Couriers, Inc. since the Filing Date. The Trustee admits that the Vileses have denied that the distributions they have received from TLC Couriers, Inc. since the Filing Date are property of the estate.

7. The Trustee denies Vileses' allegation in Paragraph 6 that the corporate distributions made to them since the Filing Date on account of their interest in TLC Couriers, Inc. are not property of the estate and further denies Vileses' allegation in Paragraph 6 that the money received by the Vileses on account of the corporate distributions to them since the Filing Date on account of their interest in TLC Couriers, Inc. are not property of the estate.

8. The Trustee request the Court find that the corporate distributions made to them since the Filing Date on account of their interest in TLC Couriers, Inc. are property of the estate and that the money received by the Vileses on account of the corporate distributions to them since the Filing Date on account of their interest in TLC Couriers, Inc. are property of the estate.

9. The Trustee reserves the right to assert any affirmative defenses, any additional counter or cross-claims as may become apparent as a result of discovery.

WHEREFORE, the Trustee requests the Court enter an order finding the Vileses' interest in TLC Couriers, Inc. constitute property of the bankruptcy estate and that all distributions issued to the Vileses since the Filing Date are property of the bankruptcy estate and the Vileses are required to turn over the distributions to the Trustee, and for such other and further relief as the Court deems just and equitable.

## COUNTERCLAIM FOR TURNOVER AND ACCOUNTING

COMES NOW the Trustee, and for her Counterclaim for Turnover and Accounting against the Plaintiffs, states and alleges as follows:

10. Statements in the foregoing Answer are incorporated herein by reference.

11. The Vileses' interest in TLC Couriers, Inc. constitutes property of the bankruptcy estate.

3

12. All distributions issued to the Vileses since the Filing Date on account of their interest in TLC Couriers, Inc., are property of the bankruptcy estate.

13. The Trustee is entitled to entry of an order requiring the Vileses to turn over all distributions the Vileses have received from TLC Couriers, Inc. since the Filing Date to the Trustee, along with an accounting of all distributions they have received since the Filing Date on account of their interest in TLC Couriers, Inc.

WHEREFORE, the Trustee requests the Court enter an order finding the Vileses' interest in TLC Couriers, Inc. constitutes property of the bankruptcy estate and that all distributions issued to the Vileses since the Filing Date are property of the bankruptcy estate and the Vileses are required to turn over the distributions to the Trustee, for an order requiring Viles to provide the Trustee with an accounting of all distributions the Vileses have received since the Filing Date on account of their interest in TLC Couriers, Inc., and for such other and further relief as the Court deems just and equitable.

## THIRD PARTY COMPLAINT FOR TURNOVER AND ACCOUNTING

COMES NOW the Trustee, and for her Third Party Complaint for Turnover and for Accounting against TLC Couriers, Inc., states and alleges as follows:

14. The statements in the foregoing Answer and Counterclaim are incorporated herein by reference.

15. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and § 1334; this action constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (K).

16. The Third Party Defendant, TLC Couriers, Inc., is a Kansas corporation and may be served with process by serving a copy of the Third Party Complaint and summons on an officer or

director of the corporation by First Class mail, postage prepaid, or by serving its registered agent by First Class mail, postage prepaid.

17. The Vileses' interest in TLC Couriers, Inc. constitutes property of the bankruptcy estate.

18. All distributions issued to the Vileses since the Filing Date on account of their interest in TLC Couriers, Inc., are property of the bankruptcy estate.

19. The Trustee is entitled to entry of an order requiring TLC Couriers, Inc. to turn over all distributions the Vileses have received from TLC Couriers, Inc. since the Filing Date to the Trustee, along with all future distributions and an accounting of all distributions the Vileses have received since the Filing Date on account of their interest in TLC Couriers, Inc.

20. WHEREFORE, the Trustee requests the Court enter an order finding the Vileses' interest in TLC Couriers, Inc. constitutes property of the bankruptcy estate and that all distributions issued to the Vileses since the Filing Date are property of the bankruptcy estate and the Vileses are required to turn over the distributions to the Trustee, along with all future distributions and an accounting of all distributions the Vileses have received since the Filing Date on account of their interest in TLC Couriers, Inc., and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

s/ Patricia E. Hamilton
Patricia E. Hamilton KS Bar No. 13263
515 S. Kansas Ave. Suite 200
Topeka, Kansas 66603
(785) 408-8000 (PHONE)
(785) 408-8003 (FAX)
phamilton@stevensbrand.com
Counsel for the Chapter 7 Truste

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2009, true and correct copy of the Answer, Counterclaim and Third Party Complaint was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

I further certify that a copy of the Objection was mailed, first class, postage prepaid, to the following parties:
NONE

                                        s/Patricia E. Hamilton
                                        Patricia E. Hamilton